ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 1 0 2004

at __ o'clock and __ min __ M
WALTER A.Y.H. CHINN, CLERK
By

**TOM PETRUS & MILLER, LLLC**

RICHARD B. MILLER        3729-0
*rmiller@tpm-hawaii.com*
Tel #(808) 792-5855
PATRICIA KEHAU WALL      3498-0
*kwall@tpm-hawaii.com*
Tel #(808)792-5823
Finance Factors Center
1164 Bishop Street, Suite 650
Honolulu, Hawaii 96813
Telephone No. (808) 792-5800
Fax No. (808) 792-5809

Attorneys for Plaintiff
STATE FARM FIRE & CASUALTY
COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

CV04  00100 ACK BMK

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | ) CIVIL NO. _____ |
| | ) |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR** |
| | ) **DECLARATORY** |
| vs. | ) **JUDGMENT;SUMMONS** |
| | ) |
| RICHELLE M. THOMASON, | ) |
| RICHARD H. THOMASON, FIDELITY | ) |
| MANAGEMENT, INC., THE | ) |
| ASSOCIATION OF APARTMENT | ) |
| OWNERS OF TWIN TOWERS, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff STATE FARM FIRE & CASUALTY COMPANY ("State Farm"),

by and through its attorneys, TOM PETRUS & MILLER, LLLC, alleges in its

Complaint against Defendants as follows:

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff State Farm is incorporated in the State of Illinois and, at all

times relevant hereto, had its principal place of business in Bloomington, Illinois.

2.    Defendant RICHELLE M. THOMASON ("Richelle"), wife of

Defendant RICHARD H. THOMASON, is, and was at all times relevant hereto, a

citizen and resident of the State of Hawaii.

3.    Defendant RICHARD H. THOMASON ("Richard"), husband of

Defendant RICHELLE M. THOMASON, is, and was at all times relevant hereto, a

citizen and resident of the State of Hawaii.

4.    Defendant FIDELITY MANAGEMENT, INC. ("Fidelity") is, and

was at all times relevant hereto, a Hawaii corporation with its principal place of

business in the City and County of Honolulu, State of Hawaii..

5.    Defendant THE ASSOCIATION OF APARTMENT OWNERS OF

TWIN TOWERS, INC. ("the Association") is, and was at all times relevant hereto,

a Hawaii non-profit corporation with its principal place of business in the City and County of Honolulu, State of Hawaii.

6.    This Complaint for declaratory relief and these proceedings are instituted pursuant to 28 U.S.C. § § 1332 and 2201.

7.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8.    There is diversity of citizenship as between State Farm and all Defendants, and the amount in controversy in the underlying dispute, exclusive of interest and costs, exceeds $75,000, because the State Farm policies at issue each carry a limit of liability of $100,000 or more  per occurrence, and the Association has complaints against the Thomasons and Fidelity in connection with the conversion of approximately $140,000 in funds belonging to the Association.

<u>STATEMENT OF CLAIM</u>

9.    The Association is the representative of owners of a residential condominium known as the Twin Towers Condominium.

10.    From about 1990 through 2000, Fidelity, by and through its principal, Richelle, served as managing agent for the Twin Towers Condominium.

11.    Richard, an attorney licensed to practice law in the State of Hawaii, is alleged to have been retained by Richelle and Fidelity to perform services on behalf of the Association.

12.     In or about September 1997 and April 1999, Richelle and Fidelity allegedly misappropriated funds which had been received by the Association to pay off notes executed for the purchase of the Twin Towers' fee interest.

13.     On June 27, 2001, the Association filed suit against Richelle, Fidelity and others in a suit encaptioned <u>Twin Towers AOAO v. Fidelity Management, Inc., et al</u>, CV01-1948-06 EEH ("2001 Complaint"). The 2001 Complaint claimed damages in excess of $150,000 for misappropriation of funds, breach of fiduciary duty, professional malpractice, fraud, unjust enrichment and corporate director/officer liability. The 2001 Complaint also sought punitive damages.

14.     On May 27, 2003, the Association filed suit against Richard and others in a suit encaptioned <u>The Association of Apartment Owners of the Twin Towers, Inc. v. Byron Graper, et al.</u>, 03-1-1109-05 ("2003 Complaint"). The 2003 Complaint claimed Richard was liable for Richelle's and Fidelity's misappropriation of funds because he failed to advise the Association of his conflict of interest, failed to inform the Association that Richelle had a gambling problem and extraordinary spending habits, failed to investigate Richelle's extraordinary income, and was unjustly enriched by Richelle's embezzlement of funds. The 2003 Complaint also sought punitive damages.

## THE POLICIES

**Homeowners Policy**

15.     At the time of the events alleged, Richelle and Richard were named

insured under a State Farm Homeowners' Policy, No. 51-BA-6896-9, applicable

to their residence premises ('the Homeowners Policy"). The Homeowners Policy

provides various coverages, including "Coverage L -- Personal Liability" under

"Section II- Liability Coverages" with stated liability limits in the amount of

$100,000 per occurrence.

16.     Under Coverage L, the Homeowners Policy provided the following

coverage:

**COVERAGE L – PERSONAL LIABILITY**

If a claim is made or a suit is brought against an **insured**
for damages because of **bodily injury** or **property
damage** to which this coverage applies, caused by an
**occurrence**, we will:

c.      pay up to our limit of liability for the damages for
        which the **insured** is legally liable; and

d.      provide a defense at our expense by counsel of our
        choice. We may make any investigation and settle
        any claim or suit that we decide is appropriate . . . .

17.    Under the "Definitions" section of the Homeowners Policy, the following terms are defined:

>    2.    **"business"** means a trade, profession or occupation.  This includes farming.
>
>    4.    **"insured"** means you and, if residents of your household:
>
>        a.    your relatives; and
>        b.    Any other person under the age of 21 who is in the care of a person described above.
>
>    7.    **"occurrence"**, when used in Section II of this policy, means an accident, including exposure to conditions, which results in
>
>        b.    **bodily injury;** or
>        c.    **property damage;**
>
>    during the policy period.. . . .
>
>    8.    **"property damage"** means physical damage to or destruction of tangible property, including loss of use of this property.  Theft or conversion of property by any **insured** is not **property damage.**

18.    The liability coverage provided in Coverage L of the Homeowners Policy is expressly made subject to the following exclusions:

**SECTION II – EXCLUSIONS**

1.    Coverage L and Coverage M do not apply to:

        a.    **bodily injury** or **property damage**:

(1)    which is either expected or intended by the **insured**; or

(2)    which is the result of willful and malicious acts of the **insured**;

b.    **bodily injury** or **property damage** arising out of **business** pursuits of any **insured** . . . .

c.    **bodily injury** or **property damage** arising out of the rendering or failing to render professional services;

2.    Coverage L Does not apply to:

a.    Liability:

(2)    assumed under any unwritten contract or agreement or by contract or agreement in connection with a **business** or the **insured**;

c.    **Property damage** to property rented to, occupied or used by or in the care of any **insured**. . . .

19.    The liability coverage provided in Coverage L of the Homeowners Policy is expressly made subject to the following conditions:

## SECTION II – CONDITIONS

3.    **Duties After Loss.**  In case of an accident or **occurrence**, the **insured** shall perform the following duties that apply.  You shall cooperate with us in seeing that these duties are performed:

a.    give written notice to us or our agent as soon as practicable, which sets forth:

(1)    the identity of this policy and **insured**;

(2)    reasonably available information on the time, place and circumstances of the accident or **occurrence**;

(3)    names and addresses of any claimants and available witnesses;

b.    immediately forward to us every notice, demand, summons or other process relating to the accident or **occurrence**.

**Renters Policy**

20.    At the time of the events alleged, Richelle and Richard were named insured under a State Farm Renters Policy, No. 51-BR-1418-8 , applicable to their rental premises ('the Renters Policy"). The Renters Policy provides various coverages, including "Coverage L -- Personal Liability" under "Section II- Liability Coverages" with stated liability limits in the amount of $100,000 per occurrence.

21.    Under Coverage L, the Renters Policy provided the following coverage:

**COVERAGE L – PERSONAL LIABILITY**

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:

1.    pay up to our limit of liability for the damages for which the **insured** is legally liable; and

-8-

    2.      provide a defense at our expense by counsel of our choice.

22.    Under the "Definitions" section of the Renters Policy, the following terms are defined:

    **2.**      **"business"** means a trade, profession or occupation.  This includes farming.

    **4.**      **"insured"** means you and, if residents of your household:

        a.      your relatives; and
        b.      Any other person under the age of 21 who is in the care of a person described above.

    **7.**      **"occurrence"**, when used in Section II of this policy, means an accident, including exposure to conditions, which results in

        a.      **bodily injury;** or
        b.      **property damage;**

    during the policy period.. . . .

    **8.**      **"property damage"** means physical damage to or destruction of tangible property, including loss of use of this property.  Theft or conversion of property by any **insured** is not **property damage.**

23.    The liability coverage provided in Coverage L of the Renters Policy is expressly made subject to the following exclusions:

    1.      Coverage L and Coverage M do not apply to:

    a.      **bodily injury** or **property damage**:

        (1)    which is either expected or intended by the       **insured**; or

        (2)    which is the result of willful and malicious acts of the **insured**;

    b.      **bodily injury** or **property damage** arising out of **business** pursuits of any **insured** . . . .

    c.      **bodily injury** or **property damage** arising out of the rendering or failing to render professional services;

2.    Coverage L Does not apply to:

    a.      Liability:

        (2)    assumed under any unwritten contract or agreement or by contract or agreement in connection with a **business** or the **insured**;

    c.      **Property damage** to property rented to, occupied or used by or in the care of any **insured**. . . .

24.    The liability coverage provided in Coverage L of the Renters Policy is expressly made subject to the following conditions:

## SECTION II – CONDITIONS

**2.**    **Severability of Insurance.**  This insurance applies separately to each **insured**.

3. **Duties After Loss.** In case of an accident or **occurrence**, the **insured** shall perform the following duties that apply. You shall cooperate with us in seeing that these duties are performed:

    a.    give written notice to us or our agent as soon as practicable, which sets forth:

        (1)    the identity of this policy and **insured**;

        (2)    reasonably available information on the time, place and circumstances of the accident or **occurrence**;

        (3)    names and addresses of any claimants and available witnesses;

    b.    immediately forward to us every notice, demand, summons or other process relating to the accident or **occurrence**.

**Condominium Unitowners Policy**

25.    At the time of the events alleged, Richelle and Richard were named insureds under a State Farm Condominium Unitowners Policy, No. 51-BP-6338-9, applicable to their condominium premises ('the Condominium Policy"). The Condominium Policy provides various coverages, including "Coverage L -- Personal Liability" under "Section II- Liability Coverages" with stated liability limits in the amount of $100,000 per occurrence.

26.    Under Coverage L, the Condominium Policy provided the following coverage:

## COVERAGE L – PERSONAL LIABILITY

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:

1.  pay up to our limit of liability for the damages for which the **insured** is legally liable; and
2.  provide a defense at our expense by counsel of our choice. . . .

27.    Under the "Definitions" section of the Condominium Policy, the

following terms are defined:

    3.    **"business"** means a trade, profession or occupation.  This includes farming.

    6.    **"insured"** means you and, if residents of your household:

        a.    your relatives; and
        b.    any other person under the age of 21 who is in the care of a person described above.

    9.    **"occurrence"**, when used in Section II of this policy, means an accident, including exposure to conditions, which results in

        a.    **bodily injury;** or
        b.    **property damage;**

    during the policy period.. . . .

    10.    **"property damage"** means physical damage to or

destruction of tangible property, including loss of use of this property.  Theft or conversion of property by any **insured** is not **property damage.**

28.    The liability coverage provided in Coverage L of the Condominium Policy is expressly made subject to the following exclusions:

    1.    Coverage L and Coverage M do not apply to:

        a.    **bodily injury** or **property damage**:

            (1)    which is either expected or intended by the **insured**; or

            (2)    which is the result of willful and malicious acts of the **insured**;

        b.    **bodily injury** or **property damage** arising out of **business** pursuits of any **insured** . . . .

        c.    **bodily injury** or **property damage** arising out of the rendering or failing to render professional services;

    2.    Coverage L Does not apply to:

        a.    liability assumed under any unwritten contract or agreement or by contract or agreement in connection with a **business** or the **insured**. . . .

        c.    **Property damage** to property rented to, occupied or used by or in the care of any **insured**. . . .

29.    The liability coverage provided in Coverage L of the Condominium

Policy is expressly made subject to the following conditions:

  2.    **Severability of Insurance.**  This insurance applies
        separately to each **insured**.

  3.    **Duties After Loss.**  In case of an accident or
        **occurrence**, the **insured** shall perform the
        following duties that apply.  You shall cooperate
        with us in seeing that these duties are performed:

        a.    give written notice to us or our agent as soon
              as practicable, which sets forth:

              (1)    the identity of this policy and **insured**;

              2.    reasonably available information on
                    the time, place and circumstances of
                    the accident or **occurrence**;
              3.    names and addresses of any claimants
                    and available witnesses;

        b.    immediately forward to us every notice,
              demand, summons or other process relating
              to the accident or **occurrence**.

        e.    the **insured** shall not, except at the **insured's**
              own cost, voluntarily make payments,
              assume obligations or incur expenses. . . .

**Personal Umbrella Policy**

30.    At the time of the events alleged, Richelle and Richard were named

insureds under a State Farm Personal Liability Umbrella Policy, No. 51-BA-5152-0

('the Personal Umbrella Policy"). The Personal Umbrella Policy provides liability coverage entitled "Coverage L -- Personal Liability" with stated liability limits in the amount of $1,000,000 per occurrence.

31. The Personal Umbrella Policy is identified as being excess over the Homeowners, Renters and Condominium Policies listed above, and defines those policies as "the Underlying policies."

32. Under Coverage L, the Personal Umbrella Policy provides the following coverage:

**COVERAGES**

1. **Coverage L – Personal Liability.** If you are legally obligated to pay damages for a **loss**, we will pay your **net loss** minus the **retained limit . . . .**

33. Under the "Definitions" section of the Personal Umbrella Policy, the following terms are defined:

2. **"business"** means a trade, profession or occupation.

5. **"insured"** means

    a.    the **named insured;**
    b.    the following residents of the **named insured's** household:
        (1)    the **named insured's relatives**; and
        (2).    anyone under the age of 21 who is in the care of a person described above.

1.   **"loss"** means

    a.   an accident, including injurious exposure to conditions, which results in **bodily injury** or **property damage** during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **loss**; or

    b.   The commission of an offense or series of similar or related offenses, which result in **personal injury** during the policy period.

9.   **"personal injury"** means injury caused by one or more of the following offenses:

    a.   false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution;

    b.   libel, slander, defamation of character or invasion of rights of privacy.

11.   **"property damage"** means physical damage to or destruction of tangible property. This includes the loss of use caused by the injury or destruction.

34.   The liability coverage provided in Coverage L of the Personal Umbrella Policy is expressly made subject to the following exclusions:

## SECTION II – EXCLUSIONS

We will not provide insurance:

2.   for **bodily injury** or **property damage:**

a.    which is either expected or intended by you; or

b.    to any person or property which is the result of your willful and malicious act . . . .

3.    for **property damage** to:

c.    property rented, borrowed or held for which you promised to provide insurance.

5.    for any **loss** caused by providing or failing to provide a professional service.

6.    for any loss caused by your **business** pursuits or arising out of **business property**:

a.    unless:

(1)    the underlying insurance listed on the **Declarations** provides coverage for the **loss** . . . .

8.    for any **loss** caused by your act or omission as a member of a corporation's board of directors . . .

35.    The liability coverage provided in Coverage L of the Personal

Umbrella Policy is expressly made subject to the following duties:

**YOUR DUTIES TO US**

These are the things you must do for us.  We may not provide coverage if you refuse to:

1.    notify us of an accident.  If something happens that

-17-

might involve this policy, you must let us let us
know promptly. . .

notify us of a claim or suit.  If a claim or suit s filed
against you, notify your underlying insurer and us
right away.  You must send us every demand,
notice summons or other process you receive.

**Business Policy**

36.     At the time of the events alleged, Fidelity was a named insured under

a State Farm Business Liability Policy, No. 91-BD-7558-0  ('the Business Policy").

The Business Policy provides liability coverage entitled  "Coverage L -- Business

Liability" with stated liability limits in the amount of $1,000,000 per occurrence

($2,000,000 aggregate).

37.     Under Coverage L, the Business Policy provides the following

coverage:

### COVERAGE L – BUSINESS LIABILITY

We will pay those sums that the insured becomes legally
obligated to pay as damages because of **bodily injury,
property damage, personal injury** or **advertising
injury** to which this insurance applies. . . .  This
insurance applies only:

1.      to **bodily injury** or **property damage** caused by
an **occurrence** which takes place in the **coverage
territory** during the policy period.

38.    Under the "Definitions" section of the Business Policy, the following terms are defined:

6.    **insured contract:**

a.    means:

(1)    a sidetrack agreement;

(2)    any easement or license agreement except in connection with construction or demolition operations on or within 50 feet of a railroad;

5.    that part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay damages because of **bodily injury** or **property damage** to a third person or organization if the contract or agreement is made prior to the **bodily injury** or **property damage.**  Tort liability means a liability that would be imposed by law in absence of any contract or agreement.

b.    does not include that part of any contract or agreement:

(4)    that indemnifies any person or organization for damages because of **property damage** to premises rented or occupied by you arising out of any insured loss in Section I of the policy.

10. **occurrence** means:

    a.    an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in **bodily injury** or **property damage**; or

    2.    The commission of an offense or series of similar or related offenses, which results in **personal injury** or **advertising injury. . . .**

11. **personal injury** means injury, other than **bodily injury**, arising out of one or more of the following offenses:

    a.    false arrest, detention or imprisonment;

    b.    malicious prosecution;

    c.    wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises . . . .

    d.    oral or written publication of material that slanders or libels a person or organization . . . .

    e.    oral or written publication of material that violates a person's right of privacy;

14. **property damage** means:

    a.    Physical injury to or destruction of tangible property, including all resulting loss of use of that property . . . .

b.  loss of use of tangible property that is not physically injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property . . . .

15.  **suit** means a civil proceeding in a court of law in which damages because of **bodily injury, property damage, personal injury or advertising injury** to which the insurance applies are alleged.

39.  The liability coverage provided in Coverage L of the Business Policy

is expressly made subject to the following exclusions:

Under Coverage L, this insurance does not apply:

6.  to **bodily injury** or **property damage**:

a.  expected or intended from the standpoint of the insured; or

b.  to any person or property which is the result of willful and malicious acts of the insured. . . .

7.  to **bodily injury** or **property damage** for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

a.  assumed in a contract or agreement that is an **insured contract** provided the **bodily injury** or **property damage** occurs after the execution of the contract or agreement; or

-21-

b.     that the insured would have in the absence of a contract or agreement.

10.     to **bodily injury, property damage** or **personal injury** due to rendering or failure to render any professional services or treatments.  This includes but is not limited to:

a.     legal, accounting or advertising services . . .

c.     supervisory or inspection services . . . .

11.     to **property damage** to:

a.      property you own, rent or occupy. . . .

d.     personal property in the care, custody or control of any insured. . . .

16.     to **personal injury** or **advertising injury**:

c.     arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured . . . .

40.     The liability coverage provided in Coverage L of the Business Policy

is expressly made subject to the following terms and conditions:

## SECTION II -- DESIGNATION OF INSURED

## WHO IS AN INSURED

1.     If you are designated in the Declarations as:

c.     an organization other than a partnership or joint venture, you are an insured.  Your

-22-

executive officers, directors and trustees are insureds but only with respect to their duties as your officers, directors or trustees. Your stockholders are also insureds but only with respect to their liability as stockholders.

2.  Each of the following is also an insured:

    b.  any person, other than your employee, or any organization while acting as your real estate manager . . . .

## SECTION II – GENERAL CONDITIONS

3.  **DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT.**

    a.  You must see to it that we are notified promptly of an occurrence that may result in a claim. Notice should include:

        (1)  how and when the occurrence took place; and

        (2)  The names and addresses of any injured persons and witnesses.

    b.  If a claim is made or **suit** is brought against any insured, you must see to it that we receive prompt written notice of the claim or **suit.**

    c.  You and any other involved insured must:

        (1)  immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit;

-23-

    (2)    authorize us to obtain records and other information;

    (3)    cooperate with us in the investigation, settlement or defense of the claim or **suit;** and

    (4)    assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

    d.    Except at their own cost, no insureds will voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**Association Policy**

41.    At the time of the events alleged, the Association was a named insured under a State Farm Condominium/Association Policy, 91-01-9686-5 ("the Association Policy"). The Association Policy provides liability coverage entitled "Coverage L -- Business Liability" with stated liability limits in the amount of $1,000,000 per occurrence.

42.    Coverage L the Association Policy provides the following coverage.

**SECTION II**
**COMPREHENSIVE BUSINESS LIABILITY**

## COVERAGE L – BUSINESS LIABILITY

We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury, property damage, personal injury** or **advertising injury** to which this insurance applies. . . .  This insurance applies only:

1.  to **bodily injury** or **property damage** caused by an occurrence which takes place in the **coverage territory** during the policy period.

2.  to **personal injury** caused by an **occurrence** committed in the **coverage territory** during the policy period.. . .

## RIGHT AND DUTY TO DEFEND

We will have the right and duty to defend any claim or **suit** seeking damages payable under this policy even though the allegations of the **suit** may be groundless, false or fraudulent. . . We may investigate or settle any claim or **suit** at our discretion.

43.    Under the "Definitions" section of the Association Policy, the

following terms are defined:

## SECTION II
## DEFINITIONS

When used in the provisions applicable to Section II of this policy (including endorsements forming a part of this policy):

11.    **occurrence** means:

    a.    an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in **bodily injury** or **property damage**; or

    b.    The commission of an offense or series of similar or related offenses, which results in **personal injury** or **advertising injury. . . .**

12.    **Personal injury** means injury, other than **bodily injury**, arising out of one or more of the following offenses:

    a.    false arrest, detention or imprisonment;

    b.    malicious prosecution;

    c.    wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises . . . .

    d.    oral or written publication of material that slanders or libels a person or organization . . . .

    e.    oral or written publication of material that violates a person's right of privacy;

15.    **property damage** means:

    a.    physical injury to or destruction of tangible property, including all resulting loss of use of that property . . . .

    b.    loss of use of tangible property that is not physically injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property . . . .

16.   **suit**:

    a.    means a civil proceeding in a court of law in which damages because of **bodily injury, property damage, personal injury or advertising injury** to which the insurance applies are alleged;

    b.    includes

        (1)    an arbitration proceeding in which such damages are claimed and to which you must submit or do submit with our consent'

        (2)    any other alternative dispute resolution proceeding in which such damages are claimed and to which you submit with our consent;

44.   The liability coverage provided in Coverage L of the Association

Policy is expressly made subject to the following exclusions:

**BUSINESS LIABILITY EXCLUSIONS**

Under Coverage L, this insurance does not apply:

6.   to **bodily injury** or **property damage**:

    a.    expected or intended from the standpoint of the insured; or

     b.    to any person or property which is the result of willful and malicious acts of the insured. . . .

10.    to **bodily injury, property damage** or **personal injury** due to rendering or failure to render any professional services or treatments.  This includes but is not limited to:

     a.    legal, accounting or advertising services . . .

     c.    supervisory or inspection services . . . .

11.    to **property damage** to:

     a.    property you own, rent or occupy. . . .

     b.    personal property in the care, custody or control of any insured. . . .

16.    to **personal injury** or **advertising injury**:

     c.    arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured . . . .

45.    The liability coverage provided in Coverage L of the Association

Policy is expressly made subject to the following terms and conditions:

## SECTION II -- DESIGNATION OF INSURED

## WHO IS AN INSURED

1.    If you are designated in the Declarations as:

     c.    an organization other than a partnership or joint venture, you are an insured.  Your executive officers, directors and trustees are

insureds but only with respect to their duties as your officers, directors or trustees. Your stockholders are also insureds but only with respect to their liability as stockholders.

## SECTION II – GENERAL CONDITIONS

3.     **DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT.**

    a.    You must see to it that we are notified promptly of an **occurrence** that may result in a claim. Notice should include:

        (1)    how and when the **occurrence** took place; and

        (2)    The names and addresses of any injured persons and witnesses.

    b.    If a claim is made or **suit** is brought against any insured, you must see to it that we receive prompt written notice of the claim or **suit.**

    c.    You and any other involved insured must:

        (1)    immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit;

        (2)    authorize us to obtain records and other information;

        (3)    cooperate with us in the investigation, settlement or defense of the claim or

**suit;** and

(4)    assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

d.    Except at their own cost, no insureds will voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

e.

46.  The Association Policy also contains within Section II an Optional

Coverage for Directors and Officers Liability, which provides in relevant part:

## OPTION DO

## DIRECTORS AND OFFICERS LIABILITY

1.    We will pay those sums that the insured becomes legally obligated to pay as damages because of **"wrongful acts"** committed by an insured solely in the conduct of their management responsibilities for the Condominium/Association.

1.    This optional coverage does not apply to:

a.    any dishonest, fraudulent, criminal or malicious act, including fines and penalties resulting from these acts;

b.    any **bodily injury, property damage, personal injury,** or **advertising injury** liability;

-30-

     c.       Profits or losses, including an accounting of these profits and losses, resulting from the purchase or sale of any securities;

     h.       damages other than money damages.

3.     When used in the provisions of this Option DO the unqualified word insured means only the following:

     1.       any of your directors or officers, collectively and individually, which form your administrative body provided that each individual:

          (1)     is duly elected by the unit-owners to serve on the managing body of the Condominium/Association; and  . . .

          (2)     acts within the scope of their duties on your behalf;

     b.       Any of your members, but only with respect to their liability for your activities or activities they perform on your behalf as a member of committee appointed by the administrative or managing body of the Condominium/Association;

     c.       the Named Insured shown in the Declarations with respect to liability because of "**wrongful acts**" committed by an insured.

e.     When used in the provisions of this Option DO:

     5.       "**wrongful acts**" mean any negligent acts, error, omissions or breach of duty directly related to the operations of the

-31-

Condominium/Association;

6. **"occurrence"** means a **"wrongful act"**, including any conduct related to any of these, during the policy period, which results in a claim made in writing or a **suit** filed no later than one year from the end of the policy period.

**CLUP**

47. At the time of the events alleged, the Association was a named insured under a Commercial Liability Umbrella Policy, 91-12-3828-4 ("the CLUP"). The CLUP provides liability coverage entitled "Coverage L -- Business Liability" with stated liability limits in the amount of $1,000,000 per occurrence.

48. The CLUP is identified as being excess over the Association Policy listed above, and defines the Association Policy as "the Underlying Policy."

49. Under Coverage L the CLUP provides the following coverage.

**COMPREHENSIVE BUSINESS LIABILITY**
**COVERAGE L – BUSINESS LIABILITY**

If you are legally obligated to pay damages for:

1. **Bodily injury;**
2. **Personal injury;**
3. **property damage;** or
4. **advertising injury,**

to which this insurance applies, we will pay your **net loss** minus the **retained limit.** Our payment will not exceed

the amounts shown in the **Declarations** for Coverage L – Business Liability.

## RIGHT AND DUTY TO DEFEND

7.   when **underlying insurance** or any other insurance does not apply to an occurrence:

If claim or **suit** is covered by this policy but not covered by any **underlying insurance** or any other insurance available to the insured, we will have the right and duty to defend any claim or **suit** seeking damages payable under this policy even though the allegations of the **suit** may be groundless, false or fraudulent....

50.   Coverage L of the CLUP provides the following definitions:

## DEFINITIONS

When used in this policy (including endorsements forming a part of this policy):

9.   **net loss**:

a.   means the sum actually payable in cash in the settlement or satisfaction of losses. There will be deduction for all recoveries and salvages collected.  We will pay only for losses for which the insured liable by adjudication or compromise with our written consent..

10.   **occurrence** means:

a.   An accident, including continuous or

repeated exposure to substantially the same
general harmful conditions which result in
**bodily injury** or **property damage**; or

    b.      the commission of an offense, or a series of
similar or related offenses, which results in
**personal injury** or **advertising injury**.

11.    **Personal injury** means injury, other than **bodily
injury**, arising out of one or more of the following
offenses:

    a.      false arrest, detention or imprisonment;

    b.      malicious prosecution;

    c.       wrongful eviction from, wrongful entry into,
or invasion of the right of private occupancy
of a room, dwelling or premises . . . .

    d.      oral or written publication of material that
slanders or libels a person or organization . .
. .

    e.      oral or written publication of material that
violates a person's right of privacy;

14.    **property damage** means:

    a.      Physical injury to or destruction of tangible
property, including all resulting loss of use
of that property . . . .

    b.      loss of use of tangible property that is not
physically injured or destroyed, provided
such loss of use is caused by physical injury
to or destruction of other tangible property . .

. .

2.    **suit**:

    a.    means a civil proceeding in a court of law in which damages because of **bodily injury, property damage, personal injury** or **advertising injury** to which this insurance applies are alleged . . . .

    b.    includes

        (1)    an arbitration proceeding in which such damages are claimed and to which you must submit or do submit with our consent'

        (2)    any other alternative dispute resolution proceeding in which such damages are claimed and to which you submit with our consent;

51.    Under Coverage L the CLUP is made subject to the following exclusions:

**BUSINESS LIABILITY EXCLUSIONS**
Under Coverage L - Business Liability, this insurance does not apply:

1.    to **bodily injury** or **property damage:**
    a.    Expected or intended from the standpoint of the insured;
    b.    to any person or property which is the result of willful and malicious acts of the insured. .
        . .

11.    To **property damage** to:

a.    property you own;

b.    property rented to, occupied or used by or in the care, custody or control of any insured to the extent any insured is under contract to provide insurance on such property;

23.    To any act or omission of any insured as a member of the board of directors of any corporation.

This exclusion does not apply to any corporation which is not formed for profit.

24.    to a claim for damages arising out of **bodily injury**, **personal injury** or **property damage** which any insured or additional insured covered by this policy initiates, alleges, or causes to be brought about against any other insured or additional insured covered by this policy;

52.    Under Coverage L the CLUP is made subject to the following terms and conditions:

**DESIGNATION OF INSURED**
**WHO IS AN INSURED**

1.    If you are designated in the Declarations as:

c.    an organization other than a partnership or joint venture, you are an insured. Your executive officers, directors and trustees are insureds but only with respect to their duties as your officers, directors or trustees. Your stockholders are also insureds, but only with respect to their liability as stockholders.

-36-

3.     **DUTIES IN THE EVENT OF OCCURRENCE,
       CLAIM OR SUIT.**

   a.     You must see to it that we are notified
          promptly of an **occurrence** that may result in
          a claim.  Notice should include:

      (1)     how and when the **occurrence** took
              place; and

      (2)     The names and addresses of any
              injured persons and witnesses.

   b.     If a claim is made or **suit** is brought against
          any insured, you must see to it that we
          receive prompt written notice of the claim or
          **suit.**

   c.     You and any other involved insured must:

      (1)     immediately send us copies of any
              demands, notices, summonses or legal
              papers received in connection with the
              claim or suit;

      (2)     authorize us to obtain records and
              other information;

      (3)     cooperate with us in the investigation,
              settlement or defense of the claim or
              **suit;** and

      (4)     assist us, upon our request, in the
              enforcement of any right against any
              person or organization that may be
              liable to the insured because of injury

-37-

or damage to which this insurance may
also apply.

d.    Except at their own cost, no insured will
voluntarily make a payment, assume any
obligation, or incur any expense, other than
for first aid, without our consent.

## GROUNDS FOR DENYING COVERAGE

53.    State Farm did not learn of the misappropriation of funds or the 2001

Complaint until February 2002, when it learned that Richelle and Fidelity had

previously entered into a stipulated judgment in favor of the Association in the

action on the 2001 Complaint.

54.    Richelle is not an insured under the Business Policy since the acts

undertaken were not performed within the scope of her duties for Fidelity.

Moreover, Richelle is not an insured under Section II of the Association Policy,

and she is not an insured under the CLUP since the acts undertaken were not

performed within the scope of her duties for Fidelity.

55.    Richelle and Fidelity are not an insured under Option DO of the

Association Policy.

56.    Richard is not an insured under the Business Policy, the Association

Policy or the CLUP.

57.    Fidelity is not an insured under the Homeowners, Renters,

Condominium or Personal Umbrella Policies.  Moreover, Fidelity is not an insured under the CLUP or under Section II of the Association Policy since the acts undertaken by Richelle were not performed within the scope of her duties for Fidelity.

58.    The failure of the Thomasons and Fidelity to notify State Farm of the allegations against them and/or to immediately forward copies of the suit papers when the 2001 Complaint was originally filed constitute breaches of material conditions of the policies.

59.    Richelle and Fidelity's agreement to a stipulated settlement in the action on the 2001 Complaint without State Farm's knowledge or consent constitutes a breach of material conditions of the policies.

60.    The allegation that Fidelity and Richelle converted funds for their own use shows that damages were not caused by an occurrence within the meaning of the policies, since the Associations' alleged injuries did not result from an accident.

61.    The allegation that Richard breached his fiduciary duties and was unjustly enriched shows that damages were not caused by an occurrence within the meaning of the policies, since the Associations' alleged injuries did not result from an accident.

62.    The allegation that Fidelity and Richelle converted funds shows that the Association did not sustain property damage as defined by the policies, since the policies limit property damage coverage to injury to tangible property.

63.    The allegation that Fidelity and Richelle converted funds shows that the Association did not sustain personal injury as defined by the policies.

64.    The allegations that Fidelity and Richelle converted funds, and that Richard breached fiduciary duties in connection therewith, fall within the exclusion of coverage for intended or expected injury.

65.    The allegation that Fidelity, Richelle and Richard breached express and implied contractual provisions and fiduciary obligations falls within the exclusion for liability assumed by contract.

66.    The allegation that Fidelity and Richelle injured the Association while performing functions as Managing agent for the Twin Towers Condominium falls within the exclusion for business pursuits and/or business operations.

67.    The allegation that Richard injured the Association while performing legal services falls within the exclusion for business pursuits and/or business operations.

68.    The allegation that Fidelity and Richelle injured the Association while performing functions as managing agent for the Twin Towers Condominium falls

-40-

within the exclusion for professional services.

69.    The allegation that Richard injured the Association while performing legal services falls within the exclusion for professional services.

70.    The allegation that Fidelity and Richelle converted funds they received on behalf of the Association falls within the exclusion for damage to property in the care of an insured.

71.    The allegation that Richelle controlled Fidelity falls within the exclusion for actions by an insured in her capacity as a member of a corporate board.

72.    The policies do not provide coverage for punitive damages.

## DECLARATORY RELIEF SOUGHT

73.    Based on the above policy provisions, conditions, exclusions, relevant statutes and case law, State Farm is not obligated to defendant and/or indemnify the Thomasons or Fidelity for any claims in the underlying lawsuits.

74.    There is an actual and continuing controversy between State Farm and the Defendants as to Richelle's, Richard's and Fidelity's entitlement to coverage and/or defense and indemnity under the policies.

WHEREFORE, Plaintiff State Farm prays for relief as follows:

A.    For a declaration by this Court that State Farm owes no duty to defend

and/or indemnify Richelle, Richard or Fidelity, or to otherwise provide any

insurance coverage to Defendants or to any other persons or entities under the

policies for any clams, injuries, and/or damages arising out of the 2001 Complaint

and/or the 2003 Complaint.

B.     For costs, reasonable attorneys fees, and such other and further relief

as this Court deems just and equitable.

DATED: Honolulu, Hawaii, ___FEB 1 0 2004___ .


_____

RICHARD B. MILLER
PATRICIA KEHAU WALL
Attorneys for Plaintiff
STATE FARM FIRE & CASUALTY
COMPANY

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Hawaii

State Farm Fire Casualty Company

V.

Richelle M. Thomason, Richard H. Thomason,
Fidelity Management, Inc., et al.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)

The Above-Named Defendants

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Richard B. Miller, Esq.
Tom Petrus & Miller, LLLC
1164 Bishop Street, Suite 650
Honolulu, Hawaii 96813
Tel: (808) 792-5800

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

WALTER A.Y.H. CHINN

FEB 1 0 2004

CLERK

_Barbara Y. Yamada_

DATE

(By) DEPUTY CLERK

®AO 440  (Rev. 8/01)  Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL  $0.00 |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____ _____
                           Date                    *Signature of Server*

                                      _____
                                        *Address of Server*

_____

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.