# TOM PETRUS & MILLER

*ATTORNEYS AT LAW*
*A Limited Liability Law Company*

**Richard B. Miller**
(808) 792-5855
*rmiller@tpm-hawaii.com*

February 8, 2007

**Patricia Kehau Wall**
(808) 792-5823
*kwall@tpm-hawaii.com*


Honorable Barry M. Kurren
Magistrate
U.S. District Court
300 Ala Moana Boulevard, Room C-338
Honolulu, Hawaii 96850–0338

      Re:    State Farm Fire & Casualty Company vs. Richelle M. Thomason, Richard H. Thomason, Fidelity Management, Inc., The Association of Apartment Owners of Twin Towers, Inc.; Civil No. CV04-00100 ACK/BMK; In the United States District Court for the District of Hawai'I

Dear Judge Kurren:

    We represent Plaintiff State Farm Fire & Casualty Company ("State Farm") in the above matter. This letter is in follow up to the conference that was held in this matter on February 12, 2007 concerning the dismissal of claims against Defendant Richard Thomason.

    Enclosed is the original Stipulation for Dismissal Without Prejudice as To Richard Thomason ("Stipulation") which has been signed by myself on behalf of State Farm, and by Richard Thomason.

    On February 2, 2007, the Stipulation was mailed to Carl Soto, Esq., the attorney who appeared in this matter for the Association of Apartment Owners of Twin Towers, Inc.("AOAO"), at his last known address in Fernandina Beach, Florida. We have received no response form Mr. Soto. The Florida address for Mr. Soto was obtained from the United States District Court file for this matter. It is noted that the 2006-2007 Annual Directory for the Hawaii State Bar Association lists Mr. Soto as inactive.

    I reviewed the pleadings for this matter, and it appears that the AOAO did file an Answer to State Farm's Complaint for Declaratory Relief in October of 2004 (we did not receive a file-marked copy of the Answer). However, there was no cross claim made by the AOAO against Mr. Thomason or any other Defendant.

Honorable Barry M. Kurren
February 8, 2007
Page 2

      Given that the there are no claims between the AOAO and Mr. Thomason, and also that the Stipulation is without prejudice, it may be appropriate for the Court to enter the Stipulation without the signature of the AOAO's attorney. This would require the deletion of the first sentence of the last paragraph that "[T]his stipulation is signed by all parties who have appeared in this action." I did not delete it myself because Mr. Thomason had already signed the document, and also because F.R.C.P. 41(a)(1)(ii), cited in the Stipulation, appears to require this language. However, it also appears that the Court has the authority under F.R.C.P. 41(a)(2) to order dismissal without prejudice even in the absence of a stipulation "upon such terms and conditions as the court deems proper."

      Thank you for your attention to this matter, and please contact us should you have any questions or further instructions for us.

Very truly yours,

TOM PETRUS & MILLER, LLLC

RICHARD B. MILLER
PATRICIA KEHAU WALL

RBM/PKW:jlk
Enclosure
cc:    Richard H. Thomason, Esq. w/enclosure
       Carl D. Soto, Esq. w/enclosure

Judge Kurren 01.wpd